UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Steven Bradley Hodges,<br><br>        Plaintiff<br><br>v.<br><br>Barry Russell, et al.,<br><br>        Defendants | Case No.: 3:20-cv-00564-JAD-WGC<br><br>**Order Dismissing Action**<br><br>ECF No. 1 |

      Plaintiff Steven Bradley Hodges brings this civil-rights case under § 1983 for events he alleges occurred during his incarceration at Northern Nevada Correctional Center.[1]  On August 14, 2021, I ordered Hodges to file a first-amended complaint by September 17, 2021.[2]  I expressly warned him that his failure to timely comply with the order would result in the dismissal of this case with prejudice.[3]  The deadline has passed, and Hodges has not filed a first-amended complaint.

      Hodges previously filed an application to proceed *in forma pauperis*.[4]  I grant the application to proceed *in forma pauperis*.  Based on the information regarding Hodges's financial status, I find that Hodges is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915.  Hodges will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

---

[1] ECF No. 1-1 (complaint).

[2] ECF No. 7 (Order).

[3] *Id.*

[4] ECF No. 1.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[5] A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[6] In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[7]

I find that the first two factors—the public's interest in expeditiously resolving the litigation and the court's interest in managing the docket—weigh in favor of dismissing this case. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[8] The fourth factor is greatly outweighed by the factors in favor of dismissal, and a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the consideration-of-alternatives requirement.[9] Hodges was warned that his case would be dismissed with prejudice if he failed to file a first-amended complaint by September 17, 2021.[10] So, Hodges had adequate warning that his failure to file an amended complaint by the deadline would result in this case's dismissal.

---

[5] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[6] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

[7] *Thompson*, 782 F.2d at 831; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61.

[8] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[9] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33.

[10] ECF No. 7 (order).

Accordingly, IT IS HEREBY ORDERED that that Hodges's application to proceed in forma pauperis **[ECF No. 1] is GRANTED**. This status does not relieve the plaintiff of the obligation to pay the filing fee, it just means that he can do so in monthly payments that will be deducted from his inmate account when he has funds available, until the full $350 filing fee is collected from him.

In order to ensure that the plaintiff pays the full filing fee, IT IS FURTHER ORDERED that **the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Steven Bradley Hodges, # 73224** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk is directed to SEND a copy of this order (1) to the Finance Division of the Clerk's Office and (2) to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED THAT this action is **DISMISSED** with prejudice based on Hodges's failure to file a first-amended complaint in compliance with this court's August 14, 2021, order; and

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: October 4, 2021

_____
U.S. District Judge Jennifer A. Dorsey